UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRIAN M. CASEY,

Plaintiff,

vs. Case No. 2:11-cv-586-FtM-29SPC

CAPTAIN HALL; LIEUTENANT LAFAYETTE,

Defendants.

___________________________________

**ORDER OF DISMISSAL**

This matter comes before the Court upon review of Plaintiff's Amended Complaint (Doc. #8, Amended Complaint), filed November 16, 2011. The Court also reviews Plaintiff's motion for a preliminary injunction (Doc. #12), filed December 5, 2011.

**I.**

Plaintiff, who is a pre-trial detainee confined at the Lee County Jail, initiated this action by filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on October 13, 2011. Pursuant to the Court's October 21, 2011 Order, Plaintiff filed an Amended Complaint. The Court granted Plaintiff's motion leave to proceed in forma pauperis in this action, but directed that Plaintiff file an initial, partial filing fee. See Doc. #9.

At the outset, the Court notes that Plaintiff has not complied with its November 18, 2011 Order because he has not paid the initial, partial filing fee of $38.00 as directed therein. The Court directed Plaintiff to pay an initial, partial filing fee of

$38.00 within seven (7) days from the date on the Order because Plaintiff's prison account statement reflected that he had average monthly deposits totaling $192.00. See Doc. #9. On November 28, 2011, the Court denied Plaintiff's motion for reconsideration, thereby denying Plaintiff's request that he pay only one initial, partial filing fee for all of the civil rights cases he filed in this Court. See Order at Doc. #11. The Court warned Plaintiff that his failure to comply with the November 18, 2011 Order would result in the dismissal of this action without further notice. Docs. #9, #11. Plaintiff neither moved for an extension of time to pay the initial, partial filing fee, nor did he provide proof of his changed financial situation to warrant reconsideration of the Court's Order. See docket. Based on the foregoing, Plaintiff's action is due to be dismissed for failure to comply with the Court's November 18, 2011 Order.

**II.**

In the alternative, the Court finds this action subject to dismissal under the Prison Litigation Reform Act ("PLRA"). The PLRA requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." See 28 U.S.C. § 1915A(a), (b)(1), (b)(2). In essence, § 1915A is a screening

process to be applied sua sponte and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that pro se complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted).

Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, inter alia, it fails to state a claim upon which relief may be granted. § 1915(b)(1). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(b)(1). Leal v. Georgia Dep't of Corr., 254 F.3d 1276, 1278-79 (11th Cir. 2001). Under Rule 12(b)(6), the court views all allegations in the Complaint as true and construes them in the light most favorable to the Plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). The standard governing Federal Rule of Civil Procedure 12(b)(6) dismissals apply to dismissals under § 1915(e)(2)(ii). Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008); Mitchell v. Carcass, 112 F.3d 1483, 1490 (11th Cir. 1997). Section 1915(e)(2)(B)(ii) is identical to the screening language of § 1915A.[1] Thus, a complaint is subject to dismissal for failure to state a claim if the facts as plead do not

[1]As noted supra, Plaintiff seeks leave to proceed in forma pauperis in this action. Doc. #2. Thus, the Complaint is also subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

state a claim for relief that is plausible on its face. Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ____, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir. 2001). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. ____, 129 S. Ct. at 1949. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Twombly, 550 U.S. at 556. Specifically, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Instead, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

**III.**

Plaintiff files this action against Defendants Captain Hall and Lieutenant Lafayette, who are officers at the Lee County Jail. Amended Complaint at 1, 6. Plaintiff alleges violations of his "4th, 5th, 8th, [and] 14th" rights protected under the United States Constitution stemming from a disciplinary report issued on July 12, 2011. See id. at 8. Specifically, Plaintiff alleges that on July 8, 2011, he asked Officer Luna, who is not a named Defendant, for copies of his legal work. Officer Luna denied Plaintiff's request for legal copies, despite Plaintiff's protests that he was proceeding pro se on civil cases and had recently filed a motion to proceed pro se in a criminal case on July 5, 2011. Id. Plaintiff claims Officer Luna then wrote him a disciplinary report for "lying to staff." Id.

On July 12, 2011, Plaintiff alleges that Defendant Lafayette placed Plaintiff in confinement for sixty days as a result of the disciplinary report. Id. at 6. Plaintiff states that he appealed the disciplinary report and provided copies of his motions to proceed pro se in support thereof, but Defendant Hall, nevertheless, denied his appeal. Id. Plaintiff claims he "spent sixty days in confinement for retaliation of court filings against the LCSO [sic] Capt. Hall stated to me, "it is not in my computer [sic]." Id. As relief, Plaintiff seeks $100,000 in punitive damages and any other relief this Court deems proper. Id. at 7.

**IV.**

The Court finds the instant Complaint subject to dismissal for failure to state a claim. Plaintiff cannot seek expungement of the disciplinary record, or monetary damages based on the alleged false disciplinary report because these claims are barred by Heck v. Humprey, 512 U.S. 477, 486-87 (1994). In Heck, the United States Supreme Court held:

> [I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is **not cognizable under § 1983**. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87 (emphasis added)(internal citation and footnote omitted). The United States Supreme Court has applied the Heck analysis to actions brought by prisoners who are challenging disciplinary proceedings in jails. See Edwards v. Balisok, 520 U.S. 641, 643-649 (1997); Roberts v. Wilson, 2007 WL 4336446 (11th Cir. 2007)(affirming district court's § 1915(e)(B)(2)(ii) dismissal of an action pursuant to Heck when plaintiff alleged deprivations

of his due process rights during a disciplinary hearing, but never had the disciplinary adjudication invalidated).

In this case, Plaintiff does not allege that the disciplinary report at issue was overturned or expunged, and, as previously stated, that is the exact relief Plaintiff appears to seek from this Court.[2] See Amended Complaint at 6 (stating, to the contrary, jail officials denied Plaintiff's appeal of the disciplinary report). A finding in favor of Plaintiff in this case would essentially invalidate the Lee County Jail's disciplinary report, contrary to Heck.

ACCORDINGLY, it is hereby

**ORDERED:**

---

[2]The Court takes judicial notice of the Plaintiff's criminal cases pending before the Twentieth Judicial Circuit Court in Lee County, Florida: case numbers 10-CF-019945 (defense attorney present at July 22, 2011 hearing, August 18, 2011 hearing, November 14, 2011 hearing, and with "co-counsel" for the December 13, 2011 hearing, but "without" an attorney during November 28, 2011 and December 12, 2011); 10-CF-019724 (defense attorney present at July 22, 2011 hearing, August 18, 2011 hearing, November 14, 2011 hearing, but "without" an attorney for the November 28, 2011 hearing); 10-CF-019726 (defense attorney present at July 22, 2011 hearing, September 26, 2011 hearing, but "without" an attorney for November 28, 2011 hearing); and 10-CF-017674 (defense attorney present July 22, 2011 hearing, August 18, 2011 hearing, November 14, 2011 hearing, but "without" an attorney at November 18, 2011 and December 13, 2011 hearings. See www.leeclerk.org. A review of these cases establish that Plaintiff was represented by defense counsel in July 2011, contrary to Plaintiff's assertions in the instant Complaint. Additionally, the Court notes that Plaintiff filed numerous pro se motions in all of these cases, despite his representation by defense counsel. Thus, it does not appear that Plaintiff had any difficulties making legal copies at the Lee County Jail.

1. Plaintiff's Amended Complaint is **DISMISSED** pursuant to 28 U.S.C. **§1915(e)(2)(B).** The Clerk shall enter judgment accordingly, terminate all deadlines, and close the file.

2. Plaintiff's "motion for a preliminary injunction" (Doc. #12) and "supplemental motion for a temporary restraining order" (Doc. #13) are **DENIED** as moot.

**DONE AND ORDERED** at Fort Myers, Florida, on this 19th day of December, 2011.

John E. Steele
**JOHN E. STEELE**
**United States District Judge**

SA: alj
Copies: All Parties of Record